IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>HEATHER S. WHITE, FRANK MYLAR,<br>SNOW CHRISTENSEN & MARTINEAU,<br>MYLAR LAW,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION TO DISQUALIFY**<br><br>Case No.  2:15-cv-00512-DN-PMW<br><br>Judge David Nuffer |

Plaintiff David Webb obtained leave to proceed *in forma pauperis*[1] and filed his complaint[2] in this district on July 30, 2015, alleging a violation of civil rights under 42 U.S.C. § 1983. Mr. Webb complains of intentional discrimination by the defendants who allegedly committed "extrinsic fraud against the U.S. District Court for the District of Utah" by submitting pleadings claiming "the Sovereign Immunity Defense under the Utah Governmental Immunity Act Statutes and the Qualified Immunity Doctrine for their Defendant Clients that were recipients of Federal Funding . . ." Mr. Webb alleged that these filings violated "RICO in accordance with 42 U.S.C.  2000d-7, and Title VI of the Civil Rights Act of 1964. . . ."[3] Mr. Webb's complaint also includes "Count II: 1st Amendment,"[4] "Count III: 14th Amendment,"[5]

---

[1] Order on Application to Proceed without Prepayment of Fees, docket no. 1, filed July 30, 2015.

[2] Civil Rights Complaint (42 U.S.C. 1983 & RICO Act), docket no. 3, filed July 30, 2015.

[3] *Id.* at 4–5.

[4] *Id.* at 14.

[5] *Id.* at 14–18 (Mr. Webb's filing labeled the 15th page as page 16, and continuing sequentially until page 20; page 21 is labeled as page 15, and pages 22–25 are correctly labeled).

"Count IV: 42 U.S.C. § 2000d-7,"[6] "Count V: Title VI of the Civil Rights Act of 1964,"[7] "Count VI: Rico Act,"[8] "Count VII: Intentional Infliction of Emotional Distress,"[9] and "Count VIII: Negligent Infliction of Emotional Distress."[10] Mr. Webb subsequently moved the court to appoint counsel,[11] for service of process,[12] and to amend his complaint, adding additional defendants from and including the law firm of Durham Jones & Pinegar.[13] These motions remain pending on a referral to Magistrate Judge Warner under federal rule 72[14] and local rule 72-2.[15]

On October 15, 2015, Mr. Webb filed a motion to disqualify Judge Nuffer under 28 U.S.C. § 455 ("Mr. Webb's Motion to Disqualify").[16] This order addresses only Mr. Webb's Motion to Disqualify. For the reasons stated below, recusal or disqualification would be improper, and the motion is DENIED.

---

[6] *Id.* at 17–18 (Mr. Webb's filing labeled the 15th page as page 16, and continuing sequentially until page 20; page 21 is labeled as page 15, and pages 22–25 are correctly labeled).

[7] *Id.* at 18 (Mr. Webb's filing labeled the 15th page as page 16, and continuing sequentially until page 20; page 21 is labeled as page 15, and pages 22–25 are correctly labeled).

[8] *Id.* at 18–20 (Mr. Webb's filing labeled the 15th page as page 16, and continuing sequentially until page 20; page 21 is labeled as page 15, and pages 22–25 are correctly labeled).

[9] *Id.* at 20 (Mr. Webb's filing labeled the 15th page as page 16, and continuing sequentially until page 20; page 21 is labeled as page 15, and pages 22–25 are correctly labeled).

[10] *Id.*

[11] Motion for Appointment of Counsel, docket no. 4, filed July 30, 2015.

[12] Motion for Service of Process at Government Expense, docket no. 5, filed July 30, 2015.

[13] Pro Se Plaintiff's Motion in Accordance with FRCP Rule 15 and Local Rule DUCIVR 15-1, docket no. 7, filed Aug. 21, 2015.

[14] FED. R. CIV. P. 72(b).

[15] DUCiv R 72-2(c).

[16] Motion Seeking Recusal [U.S. District Chief Judge David Nuffer] in Accordance with 28 U.S.C. 455, Encompassing the Official Court Record Evidenced in the Docket Sheets ("Mr. Webb's Motion to Disqualify"), docket no. 12, filed Oct. 15, 2015.

**DISCUSSION**

## I.    Legal Standard for Disqualification under 28 U.S.C. § 455

Under relevant provisions of § 455, a judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned,"[17] or "where he has a *personal bias or prejudice* concerning a party . . ."[18] Other circumstances also require a judge to disqualify himself,[19] but they are inapplicable to this case. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[20] The objective standard is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[21]

In *Liteky v. U.S.*,[22] the U.S. Supreme Court discussed § 455 in a criminal appeal. The Supreme Court referred to § 455(a) as the "catch-all" provision and further elaborated on the more specific "personal bias or prejudice" standard in § 455(b). The Supreme Court noted that this personal bias standard is not violated by every unfavorable judicial disposition toward an individual.[23] "The words connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree."[24]

---

[17] 28 U.S.C. § 455(a).

[18] *Id.* at § 455(b)(1).

[19] *Id.* at § 455(b)(2)–(5).

[20] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

[21] *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (internal quotations and citations omitted).

[22] 510 U.S. 540 (1994).

[23] *Id.* at 550.

[24] *Id.*

## II.    Disqualification is Improper

Mr. Webb makes two allegations of bias. First, Mr. Webb's Motion to Disqualify argued that "this case is ripe for transfer" where all judges in the district recused on other cases filed by Mr. Webb resulting in the assignment of those cases to another district within the 10th Circuit.[25] Second, Mr. Webb's Motion to Disqualify and an earlier mailed letter ("Notification of Extreme Impartiality")[26] also argued that "U.S. District Chief Judge David Nuffer had a personal financial windfall from the newly inserted Defendants in the Amended Complaint filed on 21 August 2015"[27] based on "[proposed] Defendant Durham Jones & Pinegar['s] merger with his Law Firm in 2003, just prior to his appointment as a Federal Judicial Officer within the United States District Court for the District of Utah."[28]

### A.   Disqualification Based on Prior Recusals in the District of Utah is Improper

Mr. Webb's Motion to Disqualify argues that "this case is ripe for transfer"[29] and that

the AMENDED COMPLAINT docketed on 21 August 2015, should be recused by all the current Judicial Officers within the U.S. District Court for the District of Utah based on their personal bias and prior recusal from Case Nos. 1:15-CV-00049-DLR and 2:15-CV-00213-DLR, via the Chief Judge (David Nuffer) assigning this COMPLAINT to a U.S. District Court within the 10th Circuit Court of Appeals Jurisdiction outside of the Utah District at his earliest convenience.[30]

Mr. Webb brought the two cases he cites against individuals in the Clerk's Office and the U.S. Marshal's Service for the District of Utah. Each district judge in the District of Utah recused,[31]

---

[25] Mr. Webb's Motion to Disqualify at 1–2.

[26] Document Lodged Consisting of Correspondence from Plaintiff entitled "RE: Notification of Extreme Impartiality [sic]" ("Notification of Extreme Impartiality"), docket no. 8, filed Aug. 27, 2015.

[27] *Id.* at 1.

[28] Notification of Extreme Impartiality at 1.

[29] Mr. Webb's Motion to Disqualify at 2.

[30] *Id.* at 1.

[31] *See Webb v. Smith et al*, Case No. 1:15-cv-00049-DLR: Order of Recusal (Waddoups), docket no. 7, filed Apr. 28, 2015; Order of Recusal (Jenkins), docket no. 8, filed Apr. 28, 2015; Order of Recusal (Benson), docket no. 9, filed May 4, 2015; Order of Recusal (Nuffer), docket no. 10, filed May 4, 2015; Docket Text Order of Recusal

and the cases were consequently assigned to District Judge David L. Russell from the Western District of Oklahoma.[32]

   In both Mr. Webb's Motion to Disqualify and his Notification of Extreme Impartiality, Mr. Webb only argues that recusal is merited in this case based on those prior recusals, but does not argue how the prior recusals are relevant here. Presumably, Mr. Webb's argument fits under the provision of § 455 which requires a judge to "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party. . . ."[33] Although no reason was stated in the recusals in the two cases Mr. Webb identified, they were certainly based upon that same statute because the defendants were individuals working in the District of Utah. The identity of Mr. Webb as the plaintiff was irrelevant to those recusals. In this case, however, none of the defendants are court employees or staff, and therefore, the reasoning underlying the prior recusals in the other cases is entirely inapplicable.

   If Mr. Webb argues that a prior recusal because of a *defendant's* identity requires subsequent recusal in any case in which that *plaintiff* appears, he is wrong. None of the parties in this case bear any relation to the court. Therefore, no "reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality"[34] regarding these parties.

---

(Campbell), docket no. 11, filed May 4, 2015; Docket Text Order of Recusal (Shelby), docket no. 12, filed May 4, 2015; Order of Recusal (Kimball), docket no. 13, filed May 4, 2015; Docket Text Order of Recusal (Stewart), docket no. 14, filed May 4, 2015; and Docket Text Order of Recusal (Sam), docket no. 15, filed May 13, 2015. *See also Webb v. Smith et al*, Case No. 2:15-cv-00213-DLR: Order of Recusal (Stewart), docket no. 4, filed Apr. 1, 2015; Order of Recusal (Waddoups), docket no. 9, filed Apr. 29, 2015; Order of Recusal (Benson), docket no. 10, filed May 4, 2015; Docket Text Order of Recusal (Campbell), docket no. 11, filed May 4, 2015; Docket Text Order of Recusal (Jenkins), docket no. 12, filed May 4, 2015; Order of Recusal (Kimball), docket no. 13, filed May 4, 2015; Docket Text Order of Recusal (Nuffer), docket no. 14, filed May 4, 2015; Docket Text Order of Recusal (Sam), docket no. 15, filed May 13, 2015; and Docket Text Order of Recusal (Shelby), docket no. 16, filed May 13, 2015.

[32] *See Webb v. Smith et al*, Case No. 1:15-cv-00049-DLR, Docket Text Order of Recusal, docket no. 15, filed May 13, 2015; *Webb v. Smith et al*, Case No. 2:15-cv-00213-DLR, Docket Text Order of Recusal, docket no. 15, filed May 13, 2015.

[33] 28 U.S.C. § 455(b)(1).

[34] *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (internal quotations and citations omitted).

**B.  Disqualification Based on Past Profits or Contact with a
    Proposed Defendant is Improper**

In Mr. Webb's Motion to Amend the Complaint, he seeks to add as additional defendants the law firm of Durham Jones & Pinegar, and two attorneys who work at that firm: Blake R. Hamilton and Ashley Gregson. Mr. Webb does not articulate whether his first argument targets the financial aspect of the alleged "personal financial windfall"[35] based on "Defendant Durham Jones & Pinegar['s] merger with [the judge's] Law Firm in 2003,"[36] or whether his complaint is for potential "personal bias or prejudice concerning a party,"[37] in this case, the law firm of Durham Jones & Pinegar. Mr. Webb's motion to amend his complaint[38] has yet to be decided, so the proposed defendants are not yet present in the case. Regardless, neither of his allegations of financial interest or personal bias requires disqualification.

First, there was never a "windfall." To the extent Mr. Webb refers to profits from the merger, the statute addresses the type of financial interest that requires disqualification. Under § 455, a judge must disqualify himself if "he . . . his spouse or minor child residing in his household *has* a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be *substantially affected by the outcome* of the proceeding."[39] The statute plainly targets *existing* financial interests that could be affected by the outcome of the case, not *past* financial interests that bear no relation to the outcome. Therefore, disqualification is not appropriate here under the plain language of the *existing* financial interest provision of § 455.

---

[35] Mr. Webb's Motion to Disqualify at 1.

[36] Notification of Extreme Impartiality at 1.

[37] *Id.* at § 455(b)(1).

[38] Pro Se Plaintiff's Motion in Accordance with FRCP Rule 15 and Local Rule DUCIVR 15-1, docket no. 7, filed Aug. 21, 2015.

[39] 28 U.S.C. § 455(b)(4) (emphasis added).

Disqualification is also not appropriate under the more relevant provisions of § 455 regarding a judge's "personal bias or prejudice concerning a party"[40] or when a judge's "impartiality might reasonably be questioned."[41] Courts have determined under similar circumstances that even partnership at a firm, let alone profits from a firm merger, when removed by time, do not require disqualification.[42] Furthermore, the judge was a partner at the firm of law firm of Snow & Nuffer and resigned on December 31, 2002, never working for or being associated with the law firm of Durham Jones & Pinegar. Therefore, these are not circumstances where "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality"[43] regarding this proposed defendant. There was never a partnership or employment relationship.

Although Mr. Webb's Motion to Disqualify focuses solely on Durham Jones & Pinegar, the two individual defendants that Mr. Webb has moved to add are similarly unproblematic. Blake R. Hamilton and Ashley Gregson, attorneys at Durham Jones & Pinegar, were admitted to the Utah State Bar in 2007 and 2011 respectively. In addition to the actual and temporal separation between the judge and the law firm discussed above, these attorneys were not even licensed to practice until well after the judge became a full-time magistrate judge in 2003. Therefore, these are not circumstances where "a reasonable person, knowing all the relevant

---

[40] *Id.* at § 455(b)(1).

[41] 28 U.S.C. § 455(a).

[42] *See, e.g., Hauptmann v. Wilentz,* 555 F.Supp. 28 (D.C.N.J. 1992) (disqualification not required where trial judge's partnership terminated 13 years prior to trial); *School Dist. Of Kansas City, Missouri v. State of Mo.,* 438 F.Supp. 830 (W.D. Mo. 1977) (disqualification not required where the judge's former law firm represented a party whom the judge had represented over 15 years before the filing of the case, and every lawyer who was active in the case joined the judge's former firm after the judge's appointment); *In re Syntax-Brillian Corp.,* 400 B.R. 21 (Bankr. D. Del. 2009) (disqualification not required where bankruptcy judge's representation of debtors' creditor occurred more than three years before, had long been concluded, and was entirely unrelated to debtors' case); and *In re Johnson-Allen,* 68 B.R. 812 (Bankr. E.D. Pa. 1987) (disqualification not required where bankruptcy judge's prior association with debtor's counsel occurred over six years before and was unrelated to the debtor's case).

[43] *U.S. v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993) (internal quotations and citations omitted).

facts, would harbor doubts about the judge's impartiality"[44] regarding proposed defendants

Blake R. Hamilton and Ashley Gregson.

## ORDER

It is hereby ORDERED that, for the reasons state above, Defendants' Motion to

Disqualify[45] is DENIED.


Signed this 22nd day of October, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[44] *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (internal quotations and citations omitted).

[45] Motion Seeking Recusal [U.S. District Chief Judge David Nuffer] in Accordance with 28 U.S.C. 455, Encompassing the Official Court Record Evidenced in the Docket Sheets, docket no. 12, filed Oct. 15, 2015.