IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>      Plaintiff,<br><br>v.<br><br>HEATHER S. WHITE, FRANK MYLAR, SNOW CHRISTENSEN & MARTINEAU, MYLAR LAW,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Case No. 2-15-cv-00512-DN-PMW<br><br>District Judge David Nuffer |

On October 15, 2015, Mr. Webb filed a motion to disqualify the judge under 28 U.S.C. § 455.[1] On October 22, 2015, the Motion to Disqualify was denied because disqualification would be improper when based on prior recusals in the district[2] or based on past profits or contacts with a proposed defendant.[3] On October 29, 2015, Mr. Webb filed a motion to reconsider that ruling.[4]

The Motion to Reconsider reiterates the same argument from the Motion to Disqualify that because all judges recused in other cases Mr. Webb had filed against court staff, they must now recuse in any case in which Mr. Webb appears. This was fully addressed in the Order Denying Disqualification.[5] Specifically, that order reasoned that judges recused in those cases

---

[1] Motion Seeking Recusal [U.S. District Chief Judge David Nuffer] in Accordance with 28 U.S.C. 455, Encompassing the Official Court Record Evidenced in the Docket Sheets ("Motion to Disqualify"), docket no. 12, filed Oct. 15, 2015.

[2] Memorandum Decision and Order Denying Plaintiff's Motion to Disqualify ("Order Denying Disqualification") at 4–5, docket no. 14, filed Oct. 22, 2015.

[3] *Id.* at 6–8.

[4] Reconsideration of Motion Seeking Recusal [U.S. District Chief Judge David Nuffer] In Accordance With 28 U.S.C. 455, Encompassing the Official Court Record Evidenced in the Docket Sheets ("Motion to Reconsider"), docket no. 15, filed Oct. 29, 2015.

[5] Order Denying Disqualification at 4–5.

because the defendants were individuals working in the District of Utah. The identity of Mr. Webb as the plaintiff was irrelevant to those recusals. In this case, however, none of the defendants are court employees or staff, and therefore, the reasoning underlying the prior recusals in the other cases is entirely inapplicable.

If Mr. Webb argues that a prior recusal because of a *defendant's* identity requires subsequent recusal in any case in which that *plaintiff* appears, he is wrong. None of the parties in this case bear any relation to the court.[6]

However, the Motion to Reconsider adds a variation to this argument: that the ongoing protection and security provided to the court by the U.S. Marshals whom Mr. Webb has sued creates a personal and professional bias against Mr. Webb. This argument passes through the same logic outlined above: Mr. Webb seeks recusal in this case based on the identity of defendants in cases unrelated to the instant case. The connection of those defendants to the court requires recusal in cases involving those defendants, but it does not extend to require recusal in any case involving any person having an unfavorable relationship with those defendants.

The Motion to Reconsider also argues a violation of "the Federal Statutes under FRCP Rule 72(a) and (b)" as well as advisory committee notes on those rules "by having a perpetual delay in screening Pro Se Plaintiff Webb Complaints, for which this is a reoccurring delay with every single Judicial Officer that has been assigned Pro Se Plaintiff Webb's Complaints that have encompassed delays as far as 20 months and three (3) months in the Case [2:15-CV-00512-DN-PMW at Bar.[7]

Mr. Webb draws no connection between these alleged violations and the Order Denying Disqualification for which he seeks reconsideration, and he makes no argument for how or why these alleged violations bear any relevance on the question of disqualification. Rather, it appears he only complains of delay, and his frustration is noted.

---

[6] *Id* at 5.

[7] Motion to Reconsider at 2.

Moreover, Federal Rule of Civil Procedure 72(b) governs dispositive motions and prisoner petitions, none of which are yet at issue in this case.[8] Second, there is no delay of 20 months in this case. In fact, Mr. Webb's motion to proceed *in forma pauperis* was only filed on July 17, 2015[9] and granted on July 30, 2015.[10] Third, Federal Rule 72(a) requires nondispositive matters to be addressed promptly. Mr. Webb's pending motions are under advisement, but resolution is delayed by review of a lengthy and unclear complaint. Fourth, Mr. Webb made no such argument in his underlying Motion to Disqualify, and therefore the argument is inapplicable in his Motion to Reconsider. Finally, and regardless of the above, 28 U.S.C. § 455 contains no provision that requires or even allows disqualification for any delay in resolving motions.

**ORDER**

It is hereby ORDERED that, for the reasons stated above, Mr. Webb's Motion to Reconsider[11] is DENIED.

Signed October 30, 2015.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[8] Mr. Webb has three other motions currently pending in a referral to Magistrate Judge Warner: a motion to appoint counsel (Motion for Appointment of Counsel, docket no. 4, filed July 30, 2015), a motion for service of process (Motion for Service of Process at Government Expense, docket no. 5, filed July 30, 2015), and a motion to amend his complaint (Pro Se Plaintiff's Motion in Accordance with FRCP Rule 15 and Local Rule DUCIVR 15-1, docket no. 7, filed Aug. 21, 2015).

[9] Application to Proceed in District Court without Prepaying Fees or Costs, docket no. 1, filed under seal on July 17, 2015.

[10] Order on Application to Proceed without Prepayment of Fees, docket no. 2, filed July 30, 2015.

[11] Reconsideration of Motion Seeking Recusal [U.S. District Chief Judge David Nuffer] In Accordance With 28 U.S. C. 455, Encompassing the Official Court Record Evidenced in the Docket Sheets, docket no. 15, filed Oct. 29, 2015.