**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **DAVID WEBB,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:15-cv-00512-DN-PMW** |
| **WHITE et al.,** | **District Judge David Nuffer** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  The court permitted Plaintiff David Webb ("Plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[2]  As such, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Due to the complaint's failure to allege a basis for jurisdiction or to state a claim on which relief may be granted, the court **RECOMMENDS** that the complaint be dismissed.

**BACKGROUND**

The court granted Plaintiff's third motion for leave to amend, rendering the complaint attached thereto the operative pleading.[3]  Plaintiff's complaint is exceptionally difficult to follow,

---

[1] Docket no. 6.

[2] Docket no. 2.

[3] Docket no. 27.

includes limited factual allegations, and is largely devoid of a comprehensible narrative.[4]  Most of the complaint is repetition of legal conclusions and copy-and-paste legal discussion.

Named defendants are two private lawyers and law firms.  From the court's best efforts to review the complaint, it appears that the closest Plaintiff comes to stating a factual basis for any of his numerous claims is that the lawyers in question harmed and violated the civil rights of Plaintiff and an unspecified class of approximately 206 individuals by successfully invoking certain legal doctrines over the course of the last 30 years.  Although not clear from the complaint, it appears that Plaintiff may be upset because these lawyers or their firms successfully defended their clients against some of Plaintiff's myriad lawsuits by invoking the well-known doctrines of sovereign immunity and qualified immunity.  There are also references in the complaint to Plaintiff's purportedly being subjected to abuse and wrongful incarceration by law enforcement offices, but there is no clear correlation between these allegations and the causes of action and the officers are not named as defendants.

By way of relief, Plaintiff seeks unspecified money damages; an order prohibiting the use of the Utah Governmental Immunity Act Statutes and the Qualified Immunity Doctrine; and review of the lawyers' licenses by the Utah State Bar.[5]

## ANALYSIS

Even if a party does not challenge subject-matter jurisdiction, "'it is the duty of the federal court to determine the matter sua sponte.'"  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

---

[4] Docket no. 24-1.

[5] *Id.* at 28.

Cir. 1974)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Similarly, whenever the court authorizes a party to proceed without payment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to its mandate, the courts acts *sua sponte* to determine the existence of subject-matter jurisdiction and whether Plaintiff's action fails to state a claim on which relief may be granted or is frivolous.

### Lack of Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).  A plaintiff must "allege in [his] pleading the facts essential to show jurisdiction." *United States ex rel. Precision Co. v. Koch Indus. Inc.*, 971 F.2d 548, 551 (10th Cir. 1992). "The court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  "[T]here is a presumption against our jurisdiction."  *Penteco Corp. v. Union Gas Sys. Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"As courts of limited subject matter jurisdiction, the federal courts may only rule upon 'Cases' and 'Controversies.'"  *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quoting U.S. Const. art. III, § 2).  This limitation on the court's jurisdiction requires a plaintiff to "demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the

actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998).

Here, the complaint fails to allege facts supporting the existence of subject matter jurisdiction. Plaintiff fails to allege relevant injury in fact to himself, any injury that is traceable to the defendants, or a redressable harm. Plaintiff fails to meet his burden of establishing jurisdiction, and the case should be dismissed.

## **Failure to State a Claim**

In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court must "look for plausibility in th[e] complaint. . . . Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (alterations in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218.

In undertaking its analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard

than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, it is not "the proper function

of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at

1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a

pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188,

1197 (10th Cir. 1989) (per curiam).

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff
> of the burden of alleging sufficient facts on which a recognized legal claim could
> be based. . . . [C]onclusory allegations without supporting factual averments are
> insufficient to state a claim on which relief can be based.  This is so because a pro
> se plaintiff requires no special legal training to recount the facts surrounding his
> alleged injury, and he must provide such facts if the court is to determine whether
> he makes out a claim on which relief can be granted.  Moreover, in analyzing the
> sufficiency of the plaintiff's complaint, the court need accept as true only the
> plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted); *see also* DUCivR 3-5 (complaint "should state . . .

the basis for the plaintiff's claim or cause of action, and the demand for relief").

Even liberally construing Plaintiff's complaint, the court concludes that Plaintiff failed to

provide enough well-pleaded factual allegations to support the alleged claims. Even if Plaintiff

had established a basis for subject-matter jurisdiction, Plaintiff's complaint still contains only

vague, conclusory allegations; fails to state a claim on which relief may be granted; and is

frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B)(ii).

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's

complaint be **DISMISSED**.  Despite the significant deficiencies in the complaint, the court

recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where

it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to

give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Out of an abundance of caution, it is recommended that Plaintiff be given leave to file an amended complaint that addresses the substantive defects in the operative complaint. Failure to do so will result in a recommendation that this case be dismissed with prejudice.

* * * * *

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 14th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge