IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>                      Plaintiff,<br>v.<br><br>HEATHER S. WHITE et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING MEMORANDUM DECISION OF MAGISTRATE JUDGE**<br><br>Case No. 2:15-CV-512-DN-PMW<br><br>District Judge David Nuffer |

       The Memorandum Decision[1] issued by United States Magistrate Judge Paul M. Warner on September 13, 2016, denied Plaintiff's motion for appointment of counsel.[2]

       Plaintiff timely objected to the Memorandum Decision on September 21, 2016,[3] arguing that appointment of counsel is required because this case is a proposed class action and class representatives cannot appear *pro se*.

       *De novo* review has been completed of those portions of the Memorandum Decision to which objection is made, including the record that was before the Magistrate Judge and the reasoning set forth in the memorandum decision.[4] The analysis and conclusions of the Memorandum Decision are not "clearly erroneous or … contrary to law."[5] Therefore, the analysis and conclusions of the Magistrate Judge are accepted and the Memorandum Decision[6] is ADOPTED.

---

[1] Docket no. 35, entered Sept. 13, 2016.

[2] Docket no. 4, filed July 30, 2015.

[3] Motion in Opposition to Memorandum Decision [Docket no. 35], docket no. 41, filed Sept. 21, 2016.

[4] 28 U.S.C. § 636(b)(1).

[5] FED R. CIV. P. 72(a).

[6] Docket no. 35, entered Sept. 13, 2016.

**DISCUSSION**

"There is no constitutional right to appointed counsel in a civil case[,]"[7] but counsel may be appointed to represent a litigant who is unable to afford counsel.[8] Thus, "[t]he appointment of counsel in a civil case is left to the sound discretion of the district court."[9] Factors for determining whether to appoint counsel include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[10]

Plaintiff was permitted to proceed in this case *in forma pauperis*,[11] which created the possibility for counsel to be appointed in the sound discretion of the court.[12] Additionally, as Plaintiff correctly notes, class representatives cannot appear *pro se* in class action litigations "because the competence of a layman is clearly too limited to allow him to risk the rights of others."[13] However, this does not mean that Plaintiff must be appointed counsel at this time.

Rule 23(g)(1) of the Federal Rules of Civil Procedure provides that "a court that certifies a class must appoint class counsel."[14] A class has not been certified in this case. Further, while Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action[,]"the appointment of interim counsel is discretionary.[15]

---

[7] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam).

[8] 28 U.S.C. § 1915(e)(1).

[9] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[10] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotations omitted).

[11] Order on Application to Proceed Without Prepayment of Fees, docket no. 2, entered July 30, 2015.

[12] 28 U.S.C. § 1915(e)(1); *Askins*, 14 F.3d at 535.

[13] *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal citations omitted).

[14] FED. R. CIV. P. 23(g)(1).

[15] *Id*. at 23(g)(3).

This case is in the early stages. Plaintiff's complaint[16] is being reviewed for its sufficiency as part of an *in forma pauperis* screening[17] and has not been served on Defendants. In reviewing the complaint[18] in the context of this *de novo* review,[19] serious concerns exist with the sufficiency of the pleading and the merits of Plaintiff's claims. The complaint[20] is difficult to follow, has limited factual allegations, and is primarily composed of legal argument and conclusions. Plaintiff attempts to assert claims against Defendants, who are private attorneys and law firms, for violations of 42 U.S.C. § 1983, the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 2000d-7, Title VI of the Civil Rights Act of 1964, and the Racketeer Influenced and Corrupt Organizations Act, and for intentional infliction of emotional distress and negligent infliction of emotional distress.[21] The thrust of Plaintiff's allegations is that Defendants violated the law and caused Plaintiff, and others similarly situated, injury by successfully raising sovereign immunity defenses on behalf of their clients in various civil rights lawsuits.[22]

Given the state of the proceedings and the concerns with the sufficiency of the complaint and the merits of Plaintiff's claims, the Magistrate Judge's denial of Plaintiff's motion for appointment of counsel[23] was not clearly erroneous or contrary to law.

---

[16] Third Amended Complaint, docket no. 38, filed Sept. 13, 2016.

[17] 28 U.S.C. § 1915(e)(2).

[18] Third Amended Complaint, docket no. 38, filed Sept. 13, 2016.

[19] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(a).

[20] Third Amended Complaint, docket no. 38, filed Sept. 13, 2016.

[21] *Id*. at 10-28.

[22] *Id*.

[23] Memorandum Decision, docket no. 35, filed Sept. 13, 2016.

## ORDER

IT IS HEREBY ORDERED that the analysis and conclusions of the Magistrate Judge are accepted and the Memorandum Decision[24] is ADOPTED.

Signed November 10, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[24] *Id.*