IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>          Plaintiff,<br><br>v.<br><br>HEATHER S. WHITE et al.,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING WITH MODIFICATION REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**<br><br>Case No. 2:15-CV-512-DN-PMW<br>District Judge David Nuffer |

The Report and Recommendation[1] issued by United States Magistrate Judge Paul M. Warner on September 16, 2016, recommended that Plaintiff's Third Amended Complaint be dismissed for failure to allege facts supporting the existence of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The Report and Recommendation[2] also recommended that Plaintiff be granted leave to amend the Third Amended Complaint.

Plaintiff timely objected to the Report and Recommendation on September 28, 2016.[3] Plaintiff objects to the Magistrate Judge's statement that:

> Plaintiff's complaint is exceptionally difficult to follow, includes limited factual allegations, and is largely devoid of a comprehensible narrative. Most of the complaint is repetition of legal conclusion and copy-and-paste legal discussion.[4]

Plaintiff next objects to the Magistrate Judge's statement that "Named Defendants are two private lawyers and law firms."[5] Plaintiff further objects to the Magistrate Judge's screening of the case as an individual case, rather than as a class action, and the Magistrate Judge's denial of

---

[1] Docket no. 39, entered Sept. 16, 2016.

[2] *Id.*

[3] Objections to R & R [Docket no. 39], docket no. 42, filed Sept. 28, 2016.

[4] *Id.* at 3-4 (quoting Report and Recommendation at 1-2, docket no. 39, entered Sept. 16, 2016).

[5] *Id.* at 4 (quoting Report and Recommendation at 2, docket no. 39, entered Sept. 16, 2016).

his motion for status conference.[6] Plaintiff next objects to the Magistrate Judge's denial of his motion to consolidate this case with another proposed class action case he filed, *Webb v. State of Utah*, 1:16-CV-17-JNP-PMW, and the denial of his motion for protective order.[7] Plaintiff also objects to the Magistrate Judge's analysis and conclusion that the Third Amended Complaint fails to allege facts supporting the existence of subject matter jurisdiction.[8]

*De novo* review has been completed of those portions of the Report and Recommendation, proposed findings, and recommendations to which objection is made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[9] With the exception of the Magistrate Judge's identification of the "Named Defendants," the analysis and conclusions of the Magistrate Judge as to non-dispositive matters objected to are not clearly erroneous or contrary to law.[10] The analysis and conclusions of the Magistrate Judge as to dispositive matters objected to are correct.[11] Plaintiff has also waived objection to all other portions of the Report and Recommendation not timely objected to,[12] including the Magistrate Judge's analysis and conclusions that the Third Amended Complaint fails to allege sufficient facts to state a claim upon which relief may be granted and is

---

[6] *Id*. at 4-6 (citing Report and Recommendation at 2, docket no. 39, entered Sept. 16, 2016; Motion Seeking Status Conference Hearing to Stop the Delay of Resolving a Lengthy and Unclear Amended Complaint in Accordance with FRCP Rule 72(a) & 72(b), docket no. 18, filed Nov. 3, 2015; Docket Text Order Denying [18] Motion for Status Conference, docket no. 29, entered Sept. 13, 2016).

[7] *Id*. at 10 (citing Motion to Consolidate Cases, docket no. 23, filed Mar. 15, 2016; Docket Text Order Denying [23] Motion to Consolidate Cases, docket no. 34, entered Sept. 13, 2016; Motion for Protection Order Against Further Irreparable Harm of All Similarly Situated Plaintiffs, docket no. 20, filed Jan. 28, 2016; Docket Text Order Denying [20] Motion for Protective Order, docket no. 37, entered Sept. 15, 2016).

[8] *Id*. at 6-9 (citing Report and Recommendation at 2-4, docket no. 39, entered Sept. 16, 2016).

[9] 28 U.S.C. § 636(b)(1).

[10] FED. R. CIV. P. 72(a).

[11] FED. R. CIV. P. 72(b).

[12] *Gallegos v. Bravo*, 437 Fed. Appx. 624, 625 (10th Cir. 2011).

frivolous.[13] Therefore, the analysis and conclusions of the Magistrate Judge are accepted with modification and the Report and Recommendation[14] is ADOPTED with modification.

BACKGROUND ................................................................................................................ 3
DISCUSSION .................................................................................................................... 6
    The Magistrate Judge's characterization of the Third Amended Complaint is not clearly
        erroneous or contrary to law ................................................................................. 6
    The Magistrate Judge's identification of the "Named Defendants" is clearly erroneous ... 6
    The Magistrate Judge's screening of the case and denial of Plaintiff's motion for status
        conference are not clearly erroneous or contrary to law ......................................... 7
    The Magistrate Judge's denial of Plaintiff's motion to consolidate and motion for
        protective order was not clearly erroneous or contrary to law ................................ 9
    The Magistrate Judge's analysis and conclusion that the Third Amended Complaint fails
        to allege facts supporting the existence of subject matter jurisdiction are correct 10
    Granting leave for Plaintiff to amend the Third Amended Complaint would be futile .... 13
ORDER ............................................................................................................................ 15

## BACKGROUND

Read liberally and afforded generous inference, the Third Amended Complaint[15] alleges that Plaintiff, and others similarly situated, have initiated lawsuits against various unspecified governmental entities for civil rights violations. Defendants are the private attorneys and law firms that represented the governmental entities in these lawsuits.[16] Defendants successfully raised defenses of sovereign immunity under the Governmental Immunity Act of Utah and the qualified immunity doctrine on behalf of their clients, resulting in the dismissal of claims asserted in the lawsuits.[17]

---

[13] Report and Recommendation at 4-6, docket no. 39, entered Sept. 16, 2016.

[14] *Id.*

[15] Third Amended Complaint, docket no. 38, filed Sept. 13, 2016.

[16] *Id.*

[17] *Id.*

Specific to Plaintiff, the Third Amended Complaint alleges:

- Plaintiff initiated a lawsuit against Ogden City and Weber County defendants asserting claims for violation of his constitutional rights arising from a traffic stop, arrest, detention, strip search, and no prompt determination of probable cause following his warrantless arrest;[18]

- the Ogden City and Weber County defendants are recipients of federal and state financial assistance;[19]

- Defendants are attorneys licensed to practice law in the State of Utah and the employers of attorneys licensed to practice law in the State of Utah;[20] and

- one or more Defendants represented the Ogden City and Weber County defendants in Plaintiff's lawsuit and successfully raised sovereign immunity as a defense to bar his claims.[21]

The Third Amended Complaint alleges that Plaintiff suffered the following injuries as a result of Defendants' conduct:[22]

- the dismissal of his claims against the Ogden City and Weber County Defendants;

- being arrested without probable cause following an illegal seizure and search;

- being subjected to excessive force in his arrest;

- being subjected to an illegal search of his wallet;

- being subjected to a strip search;

- being subjected to punishment for invoking his rights under the Fifth Amendment of the United States Constitution;

- being subjected to the pain and suffering of incarceration; and

- incurring fees for the towing and impound of his vehicle.

---

[18] *Id*. at 11, 18 (citing *Webb v. Weber County Gov't et al.*, 1:11-CV-128-DN-EJF).

[19] *Id*. at 12.

[20] *Id*. at 2-8.

[21] *Id*. at 11, 18.

[22] *Id*. at 1-2,10, 12, 14, 26-27.

The Third Amended Complaint asserts claims against Defendants for violations of

42 U.S.C. § 1983, the First and Fourteenth Amendments of the United States Constitution,

42 U.S.C. § 2000d-7, title VI of the Civil rights Act of 1964, and the Racketeer Influenced and

Corrupt Organizations Act.[23] The Third Amended Complaint also asserts claims against

Defendant for intentional infliction of emotional distress and negligent infliction of emotional

distress.[24]

The Third Amended Complaint includes legal argument and conclusions that:

- Defendant acted under color of law by virtue of their being licensed attorneys in the State of Utah;[25]

- by raising the sovereign immunity defense for governmental entity clients that were recipients of federal funding, Defendants committed extrinsic fraud on the court due to the waiver of immunity set forth in 42 U.S.C. § 2000d-7;[26]

- Defendants' collection of attorneys' fees from their governmental entity clients to commit extrinsic fraud on the court constitutes a violation of the Racketeer Influenced and Corrupt Organizations Act;[27] and

- Defendants' conduct constitutes intentional discrimination against the poor and minorities[28] and deprived Plaintiff, and others similarly situated, the right to be heard in court in violation of the First and Fourteenth Amendments of the United States Constitutions,[29] and constitutes intentional and negligent infliction of emotional distress.[30]

---

[23] *Id*. at 10-28.

[24] *Id*.

[25] *Id*. at 2-7.

[26] *Id*. at 1, 8-18, 22-23.

[27] *Id*. at 9-10, 23-25.

[28] *Id*. at 9-18, 23.

[29] *Id*. at. 10, 18-22.

[30] *Id*. at 25-26.

**DISCUSSION**

**The Magistrate Judge's characterization of the Third Amended Complaint
is not clearly erroneous or contrary to law**

The Third Amended Complaint consists of 29 pages, many of which appear in differing

fonts and margins as if copied and pasted from other documents or the Internet.[31] The vast

majority of the Third Amended Complaint is not factual narrative, but rather is legal argument

and conclusions.[32] The facts alleged are limited, vague, and difficult to discern, as they are

intertwined with Plaintiff's oft repeated legal argument and conclusions.[33]

The Magistrate Judge's characterization of the Third Amended Complaint reads:

Plaintiff's complaint is exceptionally difficult to follow, includes limited factual
allegations, and is largely devoid of a comprehensible narrative. Most of the
complaint is repetition of legal conclusion and copy-and-paste legal discussion.[34]

Having thoroughly reviewed the Third Amended Complaint,[35] the Magistrate Judge's

characterization of the pleading[36] is not clearly erroneous or contrary to law.

**The Magistrate Judge's identification of the "Named Defendants"
is clearly erroneous**

The caption of the Third Amended Complaint identifies seven Defendants:

ATTORNEY HEATHER S. WHITE; ATTORNEY FRANK D. MYLAR;
SNOW, CHRISTENSEN & MARTINEAU AND MYLAR LAW P.C.; R.
BLAKE HAMILTON – Bar #11,395; ASHLEY M. GREGSON – Bar #13,716;
AND DURHAM, JONES & PINEGAR[.][37]

---

[31] Third Amended Complaint, docket no. 38, filed Sept. 13, 2016.

[32] *Id*.

[33] *Id*.

[34] Report and Recommendation at 1-2, docket no. 39, entered Sept. 16, 2016.

[35] Docket no. 38, filed Sept. 13, 2016.

[36] Report and Recommendation at 1-2, docket no. 39, entered Sept. 16, 2016.

[37] Third Amended Complaint at 1, docket no. 38, filed Sept. 13, 2016.

These seven Defendants are also separately identified and described as defendants in the body of the Third Amended Complaint.[38]

The Magistrate Judge identified the "Named Defendants" as "two private lawyers and law firms."[39] This identification is clearly erroneous. Defendants consist of four private attorneys and three law firms.[40] However, this error is immaterial to the Magistrate Judge's ultimate analysis and conclusions in the Report and Recommendation.[41] Therefore, the analysis and conclusions of the Magistrate Judge[42] are accepted with the modification that the "Named Defendants" are four private lawyers and three law firms.

### The Magistrate Judge's screening of the case and denial of Plaintiff's motion for status conference are not clearly erroneous or contrary to law

Plaintiff filed this case *pro se* and was granted leave to proceed *in forma pauperis*.[43] Subsequently, Plaintiff twice sought leave to amend his initial complaint,[44] and was granted leave to file the Third Amended Complaint.[45] Plaintiff's *pro se* and *in forma pauperis* status triggered an *in forma pauperis* screening[46] of the Third Amended Complaint.[47]

As part of an *in forma pauperis* screening, the assigned magistrate judge reviews the complaint to determine "the existence of a reasoned, nonfrivolous argument on the law and facts

---

[38] *Id*. at 2-8.

[39] Report and Recommendation at 2, docket no. 39, entered Sept. 16, 2016.

[40] Third Amended Complaint at 1-8, docket no. 38, filed Sept. 13, 2016.

[41] Report and Recommendation, docket no. 39, entered Sept. 16, 2016.

[42] *Id*.

[43] Order on Application to Proceed Without Prepayment of Fees, docket no. 2, entered July 30, 2015.

[44] Pro Se Plaintiff's Motion in Accordance with FRCP Rule 15 and Local rule DUCIVR 15-1, docket no. 7, filed Aug. 21, 2015; Motion in Accordance with FRCP Rule 15 and Local Rule DUCIVR 15-1, docket no. 24, filed Apr. 26, 2016.

[45] Docket Text Order Granting [24] Motion to Amend/Correct, docket no. 27, entered Sept. 13, 2016; Docket Text Order Finding as Moot [7] Motion to Amend/Correct, docket no. 33, entered Sept. 13, 2016; Docket Text Order re [24] Motion for Leave to Amend, docket no. 36, entered Sept. 15, 2016.

[46] 28 U.S.C. §§ 1915(e)(2).

[47] Third Amended Complaint, docket no. 38, filed Sept. 13, 2016.

in support of the issues raised in the action."[48] The complaint must be dismissed if it is frivolous or malicious, or fails to state a claim on which relief may be granted.[49]

Plaintiff objects to the Magistrate Judge's review of the Third Amended Complaint as an individual case, rather than as a class action, and the Magistrate Judge's denial of his motion for status conference, which Plaintiff maintains would have clarified the claims he attempts to assert.[50] Plaintiff's objections are without merit. Nothing in the Report and Recommendation suggests that the Magistrate Judge screened the Third Amended Complaint as an individual case, as opposed to a *proposed* class action.[51] To the contrary, the Report and Recommendation expressly acknowledges that the Third Amended Complaint attempts to assert claims that Defendants "harmed and violated the civil rights of Plaintiff and an unspecified class of approximately 206 individuals[.]"[52] Regardless, the standard of review on the *in forma pauperis* screening of an individual case and that of a proposed class action are the same—the assigned magistrate judge reviews the complaint to determine "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."[53]

While Plaintiff makes much of the fact that class representatives are precluded from appearing *pro se* in class action litigations and that the appointment of interim counsel and the

---

[48] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[49] 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

[50] Objections to R & R [Docket no. 39] at 4-6, docket no. 42, filed Sept. 28, 2016 (citing Report and Recommendation at 2, docket no. 39, entered Sept. 16, 2016; Motion Seeking Status Conference Hearing to Stop the Delay of Resolving a Lengthy and Unclear Amended Complaint in Accordance with FRCP Rule 72(a) & 72(b), docket no. 18, filed Nov. 3, 2015; Docket Text Order Denying [18] Motion for Status Conference, docket no. 29, entered Sept. 13, 2016).

[51] Report and Recommendation, docket no. 39, entered Sept. 16, 2016

[52] *Id*. at 2.

[53] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

holding of a status conference may have aided the Third Amended Complaint's screening,[54] the Magistrate Judge's decisions regarding the appointment of interim counsel and whether to hold a status conference are discretionary.[55] Despite the Magistrate Judge's indication that the Third Amended Complaint is difficult to follow,[56] the absence of interim counsel and a status conference did not preclude the Magistrate Judge from employing the proper standard of review[57] in the *in forma pauperis* screening of the Third Amended Complaint. This is reflected by the Magistrate Judge's analysis and conclusions in the Report and Recommendation.[58] Therefore, the Magistrate Judge's screening of the case[59] and denial of Plaintiff's motion for status conference[60] are not clearly erroneous or contrary to law. Therefore, the analysis and conclusions of the Magistrate Judge on these issues are accepted and the Report and Recommendation[61] is ADOPTED.

### The Magistrate Judge's denial of Plaintiff's motion to consolidate and motion for protective order was not clearly erroneous or contrary to law

Plaintiff sought to consolidate this case with another proposed class action case he filed, *Webb v. State of Utah*, 1:16-CV-17-JNP-PMW.[62] Plaintiff also requested the entry of a

---

[54] Objections to R & R [Docket no. 39], docket no. 42, filed Sept. 28, 2016 (citing *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Cotner v. Mason*, 657 F.2d 1390, 1391-92 (10th Cir. 1981); *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012)).

[55] FED. R. CIV. P. 23(g)(1); 28 U.S.C. § 1915(e)(1); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam); *United States v. Smith*, 569 F.3d 1209, 1212 (10th Cir. 2009).

[56] Report and Recommendation at 1-2, docket no. 39, entered Sept. 16, 2016.

[57] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[58] Report and Recommendation, docket no. 39, entered Sept. 16, 2016.

[59] *Id*.

[60] Docket Text Order Denying [18] Motion for Status Conference, docket no. 29, entered Sept. 13, 2016.

[61] Docket no. 39, entered Sept. 16, 2016.

[62] Motion to Consolidate Cases, docket no. 23, filed Mar. 15, 2016.

protective order to prevent further irreparable harm to himself and others similarly situated.[63]

The Magistrate Judge denied Plaintiff's motion to consolidate finding and concluding that

Plaintiff failed to establish sufficient factual or legal connection between the two cases to merit

consolidation, and that regardless consolidation is improper given the procedural posture of the

cases.[64] The Magistrate Judge denied Plaintiff's motion for protective order finding and

concluding that Plaintiff failed to state sufficient legal or factual bases for issuance of a

protective order.[65]

Having thoroughly reviewed the record of this case, and that of *Webb v. State of Utah*,

1:16-CV-17-JNP-PMW, the Magistrate Judge's denial of Plaintiff's motion to consolidate[66] and

his motion for protective order[67] was not clearly erroneous or contrary to law.

**The Magistrate Judge's analysis and conclusion that the Third Amended Complaint
fails to allege facts supporting the existence of subject matter jurisdiction are correct**

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those

cases authorized and defined in the Constitution which have been entrusted to them under a

jurisdictional grant by Congress."[68] "Since federal courts are courts of limited jurisdiction, [it is]

presume[d] no jurisdiction exists absent a showing of proof by the party asserting federal

jurisdiction."[69] Therefore, a plaintiff "must allege in [his] pleading the facts essential to show

[federal] jurisdiction[.]"[70]

---

[63] Motion for Protection Order Against Further Irreparable Harm of All Similarly Situated Plaintiffs, docket no. 20, filed Jan. 28, 2016.

[64] Docket Text Order Denying [23] Motion to Consolidate Cases, docket no. 34, entered Sept. 13, 2016.

[65] Docket Text Order Denying [20] Motion for Protective Order, docket no. 37, entered Sept. 15, 2016.

[66] Docket Text Order Denying [23] Motion to Consolidate Cases, docket no. 34, entered Sept. 13, 2016.

[67] Docket Text Order Denying [20] Motion for Protective Order, docket no. 37, entered Sept. 15, 2016.

[68] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).

[69] *United States ex rel. Precision Co. v. Koch Indus. Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).

[70] *Id.* (internal quotations omitted).

In particular, "[a]s courts of limited subject matter jurisdiction, the federal courts may only rule upon 'Cases' and 'Controversies.'"[71] "The irreducible constitutional minimum of Article III's case-or-controversy requirement contains three elements."[72] "First, the plaintiff must have suffered an injury in fact that is concrete rather than conjectural or hypothetical."[73] "Second, the plaintiff must show that there is a causal connection between the injury and the conduct complained of."[74] "Finally, the plaintiff must show that it is likely, and not merely speculative, that the injury complained of will be redressed by a favorable decision."[75]

When reviewing the sufficiency of a complaint's allegations, the thrust of all well-pleaded facts is presumed, but conclusory allegations need not be considered.[76] Nor are the complaint's legal conclusions and opinions accepted, whether or not they are couched as facts.[77] Satisfying the basic pleading requirements of the federal rules "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."[78] "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[79] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[80] "Threadbare recitals of a cause of action's elements,

---

[71] *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quoting U.S. Const. art. III, § 2).

[72] *Id*. (internal quotations omitted).

[73] *Id*. (internal quotations omitted).

[74] *Id*. (internal quotations omitted).

[75] *Id*. (internal quotations omitted).

[76] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[77] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[78] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

[79] *Id*. (internal quotations omitted).

[80] *Id*.

supported by mere conclusory statements, do not suffice."[81] "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[82]

While the Third Amended Complaint references Federal statutes and causes of action that may potentially be pursued under the jurisdiction of Federal courts,[83] it does not allege sufficient facts to support the existence of subject matter jurisdiction. The Third Amended Complaint is rife with legal conclusions and opinions, as well as formulaic recitation of the elements of causes of action, but includes only limited factual allegations.[84] Those facts that are alleged are general, vague, and conclusory,[85] lacking the necessary subsidiary factual enhancement to support a finding that Plaintiff, and others similarly situated, suffered a redressable harm that is traceable to Defendants. Indeed, rather than expressly alleging facts, the Third Amended Complaint cites to documents filed other cases to support Plaintiff's claims:

> Take the Docket Sheets from Case No. 1:11-CV-00128-DB-DBP and pull-out all the Pleadings Docketed by Defendants White and Mylar asserting their Clients Defense under the Utah Governmental Immunity Act Statutes and the Qualified Immunity Doctrine and stipulate the same for all 112, Cases [Exhibit #4] represented by Defendant White and the 196 Cases [Exhibit #5] represented by Defendant Mylar for all similarly situated Plaintiffs. The facts which support violations of 42 U.S.C. 1983; 1st and 14th Amendments; 42 U.S.C. 2000d-7; Title VI of the Civil Rights Act of 1964; RICO ACT; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress are within the contents of Case No. 1:11-CV-00128-DB-DBP, Docket Numbers - - 30,36,49, 50-51, 53, 56, 58-59, 62, 72, 73, 76, 80, 81, 83-88, 91, 97, 100, 104-106, 110-111, 115-116, 120-122, 124, 130, 132-133, 135, 137-141, 148-149, 154, 160-162, 169, 171, 173, 175, 177, 182, 184, 188-190, 213-215, 230, 237-240, 248 and 256-257, and the same for Exhibits #4 and #5, respectively.[86]

---

[81] *Id.*

[82] *Id.* (internal quotations omitted).

[83] Third Amended Complaint, docket no. 38, filed Sept. 13, 2016.

[84] *Id*.

[85] *Id*.

[86] *Id*. at 18.

These types of naked assertions and threadbare recitals of elements, supported by mere conclusory statements and legal argument do not suffice. Therefore, the Magistrate Judge's analysis and conclusion that the Third Amended Complaint fails to allege facts supporting the existence of subject matter jurisdiction are correct.

Regardless, even if the Magistrate Judge's analysis and conclusion regarding subject matter jurisdiction were incorrect, Plaintiff did not object to the Magistrate Judge's alternate basis for dismissal of the Third Amended Complaint[87]—that the Third Amended Complaint fails to allege sufficient facts to state a claim upon which relief may be granted and is frivolous.[88] Plaintiff's failure to timely objection constitutes a waiver of objection to these portions of the Report and Recommendation.[89]

### Granting leave for Plaintiff to amend the Third Amended Complaint would be futile

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[90] "[Courts] look for plausibility in the complaint."[91] "In particular, [courts] look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[92] "Rather than adjudging whether a claim is improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[93]

---

[87] Objections to R & R [Docket no. 39], docket no. 42, filed Sept. 28, 2016.

[88] Report and Recommendation at 4-6, docket no. 39, entered Sept. 16, 2016.

[89] *Gallegos v. Bravo*, 437 Fed. Appx. 624, 625 (10th Cir. 2011).

[90] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[91] *Id.* (internal quotations and punctuation omitted).

[92] *Id.* (internal quotations omitted).

[93] *Id.* (internal quotations and punctuation omitted).

The Magistrate Judge, out of an abundance of caution, recommended that Plaintiff be granted leave to amend the Third Amended Complaint to address its substantive defects.[94] However, having thoroughly reviewed the Third Amended Complaint,[95] it is clear that Plaintiff's allegations cannot plausibly support a legal claim for relief. Plaintiff has already been granted leave to amend his initial complaint in this case.[96] The thrust of Third Amended Complaint's allegations are that Defendants violated the law and caused Plaintiff, and others similarly situated, injury by successfully raising legal defenses on behalf of their clients in various civil rights lawsuits.[97] Plaintiff seeks monetary damages, punitive damages, injunction prohibiting Defendants from raising these defenses in future lawsuits, review and suspension of Defendants' licenses to practice law, and declaratory judgment that all State governmental immunity statutes are unconstitutional and unenforceable under the Supremacy Clause of the United States Constitution.[98]

The multitude of legal argument that comprises the vast majority of the Third Amended Complaint[99] is properly argued in opposition to a sovereign immunity defense when it is raised as part of a civil rights lawsuit. The proper mechanism for challenging any adverse court ruling on these issues is to file an appeal,[100] not to sue the opposing party's attorneys in Federal court for violating the law. If a party believes that the opposing party's attorneys have acted unethically or filed an improper pleading in a case, the proper procedural avenue is to file a

---

[94] Report and Recommendation at 5-6, docket no. 39, entered Sept. 16, 2016.

[95] Docket no. 38, filed Sept. 13, 2016.

[96] Docket Text Order Granting [24] Motion to Amend/Correct, docket no. 27, entered Sept. 13, 2016; Docket Text Order Finding as Moot [7] Motion to Amend/Correct, docket no. 33, entered Sept. 13, 2016; Docket Text Order re [24] Motion for Leave to Amend, docket no. 36, entered Sept. 15, 2016.

[97] Third Amended Complaint, docket no. 38, filed Sept. 13, 2016.

[98] *Id*. at 15, 28.

[99] Docket no. 38, filed Sept. 13, 2016.

[100] FED. R. APP. P. 3.

motion for sanctions[101] in that case or a bar complaint with the entity that regulates the attorneys' licenses, not to sue the opposing party's attorneys in Federal court for violating the law. Plaintiff's Third Amended Complaint[102] is nothing more than a frivolous frolic into the legal system designed to harass Defendants as a result of his frustration with adverse court rulings in his civil rights lawsuit. The allegations of the Third Amended Complaint[103] fail to state a claim upon which relief may be granted and cannot plausibly support a legal claim for relief. Permitting amendment of the Third Amended Complaint[104] would be futile. Therefore, the analysis and conclusions of the Magistrate Judge are accepted with the modification that granting Plaintiff leave to amend the Third Amended Complaint would be futile and the Report and Recommendation[105] is ADOPTED with this modification.

## ORDER

IT IS HEREBY ORDERED that the analysis and conclusions of the Magistrate Judge are accepted with modification and the Report and Recommendation[106] is ADOPTED with the following modifications:

1)     the "Named Defendants" are four private lawyers and three law firms; and

2)     granting Plaintiff leave to amend the Third Amended Complaint would be futile.

---

[101] FED. R. CIV. P. 11.

[102] Docket no. 38, filed Sept. 13, 2016.

[103] *Id*.

[104] *Id*.

[105] Docket no. 39, entered Sept. 16, 2016.

[106] *Id*.

Consequently, IT IS FURTHER HEREBY ORDERED that the Third Amended Complaint[107] is DISMISSED with prejudice.

The Clerk is directed to close the case.

Signed November 10, 2016.

BY THE COURT

District Judge David Nuffer

---

[107] Docket no. 38, filed Sept. 16, 2016.